**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ISAAC CAMARENA, BRIAN QUINN,
and MAXWELL SCOTT

Plaintiffs,

                                                  Case No:

v.

ELITE INSURANCE PARTNERS LLC
and JAGGER ESCH,

Defendants,
_____.

## COMPLAINT FOR VIOLATIONS OF THE OVERTIME WAGE SECTION OF THE FAIR LABOR STANDARDS ACT

Plaintiffs, ISAAC CAMARENA, BRIAN QUINN, and MAXWELL SCOTT (collectively "Plaintiffs") herein sue Defendants ELITE INSURANCE PARTNERS LLC ("Elite") and JAGGER ESCH ("Esch") (Elite and Esch collectively, "Defendants"), pursuant to 29 U.S.C. §216(b), of the Fair Labor Standards Act (the "FLSA") and state as follows:

### RECITATION OF FACTS

1.      Plaintiffs worked for Elite Insurance Partners as Medicare Insurance Sales Agents ("ISA") at Elite's physical office located in Palm Harbor, Florida.

2.     As an ISA, Plaintiffs' primary job function was to use telecommunications such as telephones, email and technology to solicit individuals to purchase Medicare supplemental insurance packages.

3.     Plaintiffs were not compensated for all hours worked over 40 in each and every work week. Plaintiffs were unlawfully and intentionally misclassified by Defendants as salaried, exempt employees through a scheme to avoid and evade their obligations under the FLSA.

4.     Defendants have improperly and willfully withheld and refused to pay Plaintiffs overtime wages and premiums for overtime hours worked in violation of the nation's federal wage law, the FLSA.  Defendants' records will demonstrably show that Plaintiffs were misclassified as salaried, exempt employees in blatant disregard for the FLSA's overtime wage requirements for employers and corporations such as Defendants.

5.      At minimum, Defendants acted with reckless disregard for its obligations to pay Plaintiffs overtime premiums for all hours worked, while reaping the benefit of Plaintiffs' free labor.

6.     Defendants know that ISAs like the Plaintiffs fail the short test for the executive exemption since they do not supervise or direct the work of two or more full time employees, and their primary job duties are non-exempt sales duties, not management of the business or enterprise nor any department of Defendant.

7.     Defendants knew or should have known that ISAs like the Plaintiffs do not meet the administrative exemption, as their primary job duty does not in involve the use of discretion and independent judgment in matters of significance affecting the company and its management; and that their primary job duty is production and sales, typically non-exempt under the FLSA and as concluded by the DOL regulations and the DOL field operations handbook.

8.     Defendants have a comprehensive lead generation system such that ISAs do not rely upon their own contacts and sources to generate sales.

9.     Defendants knew that Plaintiffs and ISAs routinely worked overtime hours, as managers and supervisors witnessed the extra hours. Managers and company officials saw and knew that ISAs were accessing telephone systems, CRM databases, emails, and engaged in computer demonstrations outside the standardized mandatory corporate schedule.

10.    Plaintiffs' paychecks also demonstrate some overtime hours were recorded and tracked, just never paid.

11.    Defendants also knew that Plaintiffs and ISAs performed work in the evenings and on weekends. Managers communicated with ISAs about work outside the regular business hours and encouraged the extra work.

12.    Defendants have willfully failed to pay Plaintiffs in accordance with the Fair Labor Standards Act (FLSA).   Specifically, Plaintiffs were not paid

premium pay (aka overtime wages) for all hours worked in excess of forty (40) hours per week.

13.     Plaintiffs did not perform work that meets the definition of any exemption under the FLSA, and the Defendants' pay practices are not only unfair, but blatantly unlawful under the FLSA.

14.     Plaintiffs predominantly spent their days answering inbound calls from people who have inquired about the insurance products; sending email solicitations; and negotiating the sales of Medicare supplement insurance policies or other insurance products.

15.     The allegations in this pleading are made without any admission that Plaintiffs bear the burden of pleading, proof, or persuasion.  Plaintiffs also reserve all rights to plead in the alternative.

## Jurisdiction & Venue

16.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action involves a federal question pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b).

17.     This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

18.     This Court has personal jurisdiction over the Defendant Elite, because Defendant Elite operates substantial business in Pinellas County, Florida and the

damages at issue occurred within this District, where Defendant Elite maintained an office throughout the relevant time period.

19.    Venue is proper to this Court pursuant to 28 U.S.C. Sec. 1391(b) because the Defendant Elite resides in this district and because a substantial part of the events giving rise to the claims occurred in this District as Plaintiffs were hired, worked for and was supervised by officers and managers from Defendants' office location located at 34125 Us Highway 19 North – STE 200, Palm Harbor, FL 34684.

20.    The overtime wage provisions set forth in FLSA § 207 apply to Defendants, as Elite engaged in interstate commerce under the definition of the FLSA. Indeed, at all relevant times, Defendants engaged in interstate commerce and/or in the production of goods for commerce within the meaning of FLSA § 203 as a common business enterprise. Additionally, Defendant Elite earned more than $500,000 in revenue during the years 2019 to 2022 as well.

## The Parties

### *Plaintiffs*

21.    Isaac Camarena resides in Florida. Camarena worked for Defendants as an ISA from approximately June 2020 to May 2021 and then again from August 2021 to March 2022. Defendants classified Camarena as a salaried exempt employee under the title of Medicare Insurance Sales Agent working in the corporate, Palm Harbor, Florida office.

22.     Brian Quinn resides in Florida. Quinn worked for Defendants as an ISA from approximately February 2022 to July 2022. Defendants classified Quinn as a salaried, exempt employee under the title of Medicare Insurance Sales Agent working in the corporate, Palm Harbor, Florida office.

23.     Maxwell Scott resides in Florida. Scott worked for Defendants as an ISA from approximately June 2021 to November 2022. Defendants classified Scott as a salaried exempt employee under the title of Medicare Insurance Sales Agent working in the corporate, Palm Harbor, Florida office.

24.     Plaintiffs' work was highly supervised, micro-managed, and scrutinized on a daily basis by management.

25.     Plaintiffs, like all other ISAs, were required to meet certain metrics which gauged their performance and determined whether they would continue to have a job.

26.     Plaintiffs had sales quotas based upon calls made, talk times, and minimum submitted applications.

27.     Plaintiffs were expected to be in the office working the company's set schedule Monday through Friday. Plaintiffs did not have the discretion to come and go as they pleased, walk in late or leave early or work less than 40 hours during the week without being pre-approved or they would suffer disciplinary action.

28.     Plaintiffs routinely worked after the ending time of the shift and/or routinely worked prior to the start of the shift. Plaintiffs also worked on some weekends.

29.     Plaintiffs routinely worked more than 40 hours per week without being paid overtime compensation.

***The Defendants***

30.     ELITE INSURANCE PARTNERS LLC ("Elite") is a for profit Delaware company with world headquarters located at 34125 US HWY 19N, UNIT 200 PALM HARBOR, FL 34684.  Defendant may be served through its designated registered agent: Hughes Consulting Services LLC, 522 Alt 19 Palm Harbor, FL 34683.

31.     Defendant Elite is an employer within the definition of the FLSA, as it has revenues exceeding $500,000 annually in all applicable time periods, is involved in interstate commerce, and employs 2 or more employees.

32.     Elite was Plaintiffs' employer within the meaning of 29 U.S.C. § 203(d).

33.     Defendant, JAGGER ESCH, is the CEO and Founder of Defendant Elite and upon information and belief, directly or indirectly is the primary owner and majority member of Defendant Elite.

34.     Defendant ESCH, as the CEO of Elite, has operational and day to day control over the business of Elite and as such is an employer of the Plaintiffs as defined under section 203(d) of the FLSA.

35.     Defendant ESCH is also the person who created, instituted and maintained the unlawful pay practices complained of, and who directed the work of Plaintiffs and all other ISAs.

### General Allegations

36.     This action arises from a longstanding and ongoing unlawful scheme by Defendants to willfully underpay and refuse to pay overtime wages to ISAs like the Plaintiffs. Defendants knew and knows that Plaintiffs and other ISAs routinely worked overtime hours without being paid for all hours worked.

37.     Defendants' unlawful pay practice consisted of willfully misclassifying ISAs as exempt employees and then encouraging them to work overtime hours without being paid a premium for all overtime hours worked.

38.     At a minimum, Elite's management "turned a blind eye" to the overtime hours worked by Plaintiffs and other ISAs. Defendants specifically encouraged Plaintiffs to work as many overtime hours as necessary to hit the quotas, sales goals, and metrics in order to maximize incentive compensation and to keep their job.

39.     Defendants made a calculated, willful decision to refuse to pay Plaintiffs overtime wages so that Defendants could financially benefit from the

Plaintiffs' additional, unpaid hours of work and the increased sales and revenue resulting from Plaintiffs' extra work.

40.    Courts in similar FLSA overtime wage cases have found that willful misclassification is a classic SCHEME used by employers to avoid overtime pay obligations under the FLSA.

41.    The FLSA does not require employees to "claim" or submit a claim for overtime hours as a condition for being paid for overtime hours. This is especially true where the Defendants knew, or should have known, that employees are working overtime hours.

42.    For years, Defendants have maintained these unlawful pay practices and engaged in a planned campaign of disinformation or intentionally keeping silent about the FLSA overtime pay requirements for its inside sales employees.

43.    Defendants, throughout the preceding 3 years of the filing of this Complaint, have been aware that their ISAs, including Plaintiffs, routinely worked overtime hours without being paid for all hours worked.

44.    Plaintiffs' primary job duties are well recognized as typical, non-exempt work duties under the FLSA and by DOL regulations and rulings.

45.    When hired, Plaintiffs were led to believe the position was an exempt salaried position, and that if they had to work overtime hours to hit quotas, the time would not be compensated, and they would not be entitled to overtime premiums.

46.     Not familiar with the FLSA, Plaintiffs simply assumed their employer was complying with the FLSA and federal or state wage laws. Accordingly, Plaintiffs did not challenge this classification as exempt from overtime.

47.     The Palm Harbor, FL office maintained an office schedule for all ISAs from Monday to Friday, with 9-hour workdays and a 45-hour workweek. Defendants "presumed" that each ISA would take a bona fide full 1-hour, uninterrupted meal or lunch break.

48.     Plaintiffs and other ISAs were expected to track and record their work hours on a computer system.

49.     But Defendants strongly encouraged Plaintiffs and other ISAs to work additional hours off-the-clock to maximize the bonus money they could earn and to meet the minimum sales and production quotas in order to keep their job.

50.     Defendants expected and required Plaintiffs and other ISAs to work more than 40 hours per week in order to be a successful ISA.

51.     Thus, Plaintiffs were left with the dilemma: either work overtime hours without pay and without complaining; or fall short of sales goals, earn very small bonuses and risk being fired for lack of production.

52.     Throughout Plaintiffs' term of employment, Plaintiffs routinely came in early, stayed late and/or worked through some of his 1-hour lunch breaks. This resulted in more than 8 hours of compensable work time each day.

53.     Plaintiffs were told not to take the full 1-hour lunch break or they would be subject to termination. Plaintiffs were also encouraged to work on weekends to meet their sales goals, which they routinely did.

54.     Plaintiffs had full, unfettered access to email, Salesforce, and the leads before the shift, after the shift, during lunch breaks, and on weekends.

55.     By failing to restrict access to work systems, Defendants encouraged Plaintiffs to work off-the-clock. Moreover, through Plaintiffs' use of the work system after-hours, Defendants knew that Plaintiffs were working overtime hours.

56.     Plaintiffs worked additional hours in order to earn bonuses. While bonuses were the smaller part of their compensation, it was still an important component of their overall needed income.

57.     Plaintiffs routinely worked more than 40 hours in their workweeks, with the knowledge, encouragement, and at the behest of Defendants, but were never paid a premium for all such overtime hours worked.

## COUNT I
## VIOLATIONS OF FLSA §207 AND DECLARATORY ACTION
## PURSUANT TO 28 U.S.C. SECTIONS 2201 and 2202

58.     Plaintiffs allege and incorporate by reference all preceding paragraphs of this Complaint as if set forth herein.

59.     Defendants have willfully and intentionally engaged in a common company practice of violating the provisions of the FLSA, by misclassifying

Plaintiffs as exempt from overtime compensation under the overtime provisions of the FLSA §207.

60.     Plaintiffs were unlawfully and willfully denied overtime compensation and premiums for all hours worked over 40 in each and every workweek.

61.     Plaintiffs were employees of Defendants during their employment as contemplated by 29 U.S.C. § 203.

62.     Defendants do not and cannot have a good faith basis for failing to pay Plaintiffs overtime pay.  It is well settled law under the FLSA and DOL regulations that inside sales employees are non-exempt employees and entitled to be paid premiums for overtime hours worked.

63.     Even assuming Defendants claim the application of the 207(i), Retail Sales Exemption, such an exemption cannot apply to Plaintiffs because their monthly bonuses never exceeded 50% of the total wages.

64.     Plaintiffs never earned more than 50% of their monthly income in bonuses, even if the bonuses could be classified as commissions, which Defendant did not treat the incentive cash as.

65.     Defendants knew Plaintiffs were working overtime hours; they encouraged it with blatant disregard for the FLSA. Defendants willfully chose not to pay Plaintiffs premium pay for their overtime hours in order to maximize Defendants' profits.

66.    Defendants knew or should have known that Plaintiffs worked in a non-exempt, inside sales position.

67.    As a non-exempt employee, Defendants had a duty and obligation to track Plaintiffs' hours and automatically pay Plaintiffs overtime compensation for all hours worked in excess of 40 in a week. *See* FLSA 29 USC Sec. 201 *et seq*., including 29 USC Sec. 211(c) and 215 (a).

68.    Defendants failed and refused to accurately track Plaintiffs' hours and failed and refused to pay Plaintiffs adequate overtime compensation.

69.    As a result of Defendants' violation of the FLSA, Plaintiffs are entitled to payment of their unpaid overtime wages in addition to an equal sum owed as liquidated damages. See *Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903 at 925 (E.D. La. 2009).

70.    Defendants have willfully violated the FLSA by failing to pay overtime premiums to Plaintiffs.

71.    Due to Defendants willful violations of the FLSA, a three-year statute of limitations applies to the FLSA violations pursuant to 29 U.S.C. §255(a).

72.    As a result of Defendants' unlawful acts and pay practices complained of herein, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial; and are entitled to recovery of such amounts, liquidated damages in an amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiffs, seeks the following relief:

a.   That the Court find and declare Defendants in violation of the overtime compensation provisions of the FLSA;

b.   That the Court find and declare Defendants' violations of the FLSA were and are willful;

c.   That the Court award to Plaintiffs overtime compensation at a rate of one and one half time their regular rates of pay, including the value of all compensation earned, for previous hours worked in excess of forty (40) for any given week during the past three years AND liquidated damages of an equal amount, in addition to penalties and interest on said award pursuant to FLSA §216 and all other related economic losses;

d.   That the Court award Plaintiffs recovery of his reasonable attorneys' fees and costs and expenses of litigation pursuant to FLSA § 216, including expert fees;

e.   That the Court issue an order of judgment under 29 U.S.C 216-17, 28 U.S.C. 2201 and 2202 finding that the Defendants unlawfully and willfully violated the FLSA by failing to pay Plaintiffs overtime wages and failing to properly and accurately record all of Plaintiffs' hours worked;

f.   That the Court Award Pre-judgment and post-judgment interest, as provided by law, and;

g.   That the Court award any other legal and equitable relief as this Court may deem appropriate.

Dated: March 9, 2023.


/s/Mitchell Feldman, Esq.
Feldman Legal Group
FL Bar#: 0080349
6916 W. Linebaugh Ave #101
Tampa, Fl 33625
Tele: (813) 639-9366
Fax: (813) 639-9376

14

mfeldman@flandgatrialattorneys.com
*Attorney for Plaintiffs*